IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

"P.C.F. INVESTMENTS, INC." (Forfeited existence as of May 16, 2024) d/b/a/ "P.C.F. PROPERTIES IN TX, LLC",

ANTONY HALARIS,

RACHANEE HALARIS,

Plaintiffs,

v.

Chanee Tennille Coleman, Real Party in Interest,

Defendant.

United States Courts
Southern District of Texas
FILED

JUN 11 2026

Nathan Ochsner, Clerk of Court

Civil Action No. 4:26-cv-02265

(Removed from Justice Court, Harris County,

Texas, Precinct 4, Place 1, Case No. 264100217178)

NOTICE OF FILING

## NOTICE OF REMOVAL

## NOTICE OF STATUS AND CLARIFICATION OF NON-CORPORATE CAPACITY

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

## I. INTRODUCTION

PLEASE TAKE NOTICE! Defendant, appearing by special and limited appearance specially and without waiving any jurisdictional defense, and files this Notice of Removal pursuant to 28 U.S.C.

Notice #62026250-1142

§§ 1441, 1443, 1446, and 1331, seeking removal of the above-captioned eviction action from the Justice Court of Harris County, Texas, Precinct 4, Place 1, to the United States District Court for the Southern District of Texas. Removal is proper because this action arises under and implicates the Constitution, laws, and treaties of the United States; federal questions are embedded in every material aspect of the proceeding; and the United States of America, through the Secretary of Housing and Urban Development, has not disclaimed its interest in the subject real property, vesting exclusive jurisdiction in this Court.

## II. PROCEDURAL BACKGROUND

1. On or about May 18, 2026, Plaintiff filed a Petition for Eviction from Residential Premises in the Justice Court of Harris County, Texas, Precinct 4, Place 1, bearing Case No. 264100217178, seeking possession of residential real property located in Harris County, Texas, namely "15538 Kiplands Bend Drive, Houston, Texas [77014]" (the "Subject Property"). Trial is set for June 8, 2026.

2. Defendant has not been validly served with process. The order purportedly authorizing alternative service is void on its face because it invokes Rule 510.8(e) — a rule governing motions for new trial that contains no provision authorizing alternative service — rather than the sole operative rule, Rule 510.4(c). Additionally, the officer's sworn statement predicate for that order is not a valid affidavit under Texas law because it lacks an identified administering officer, a valid oath, an official seal, specific dates and times of attempted service, and specific addresses. See Tex. Gov't Code § 312.011(1); Hardy v. Beaty, 19 S.W. 778, 779 (Tex. 1892); Perkins v. Crittenden, 462 S.W.2d 565, 568 (Tex. Civ. App. 1970).

Defendant therefore files this Notice within thirty (30) days of first receiving any purported notice of the action in accordance with 28 U.S.C. § 1446(b).

3. This Notice of Removal is timely. Service of process, to the extent it occurred at all, was accomplished only through a void order and void alternative service in late May 2026. This Notice is filed within thirty days of any arguable receipt of the initial pleading.

4. A copy of all process, pleadings, and orders filed in the state court action that are within Defendant's possession are attached hereto as required by 28 U.S.C. § 1446(a).

### III. GROUNDS FOR REMOVAL

**A. Federal Question Jurisdiction — 28 U.S.C. §§ 1331 and 1441**

5. The District Courts of the United States have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This eviction action, while styled as a state-court forcible detainer proceeding, necessarily raises and requires resolution of federal questions that appear on the face of, and are embedded in, Defendant's defenses and the foundational elements of any claim to possessory right asserted by Plaintiff.

6. The right to possession claimed by Plaintiff derives from an alleged foreclosure sale. The Subject Property is associated with a federally insured mortgage under Federal Housing Administration programs administered by the United States Department of Housing and Urban Development ("HUD"). Pursuant to applicable FHA program requirements, properties acquired through foreclosure of FHA-insured mortgages are expected to be conveyed to the Secretary of Housing and Urban Development. This anticipated federal conveyance implicates federal statutory interests, federal program obligations, and the

property rights of the United States that cannot be adjudicated in a state court of limited jurisdiction.

7. The United States of America, through the Secretary of Housing and Urban Development, has not disclaimed any interest in the Subject Property. Under the Quiet Title Act, 28 U.S.C. § 2409a, the United States District Court possesses exclusive original jurisdiction to adjudicate title disputes in which the United States claims or may claim an interest in real property. See **Block v. North Dakota ex rel. Board of Univ. and School Lands, 461 U.S. 273, 286 (1983)**. A justice court of the State of Texas is without authority to adjudicate possessory rights that necessarily implicate federal interests governed by the Quiet Title Act.

8. Additionally, upon information and belief, the Internal Revenue Service, as an agency of the United States, has not waived or disclaimed any statutory right of redemption or federal interest potentially affecting the Subject Property. Pursuant to 28 U.S.C. § 2410(c), the United States holds a 120-day right of redemption following any foreclosure sale in which a federal lien or federal interest is affected. No valid disclaimer of that interest appears of record. Defendant respectfully demands that this Court declare the alleged foreclosure sale of May 5, 2026 void on the independent basis that the United States of America, through the Secretary of Housing and Urban Development and through the Internal Revenue Service, has not disclaimed its interest in the Subject Property and the United States' 120-day right of redemption under 28 U.S.C. § 2410(c) has not been observed.

9. Defendant has filed a pending action in this Court, Civil Action No. 4:26-cv-02265, seeking, inter alia, to quiet title to the Subject Property, obtain declaratory relief, and enjoin eviction and foreclosure-related proceedings pursuant to 28 U.S.C. §§ 1346(f), 2409a,

Notice #62026250-1142

1367, and 2201. The instant eviction proceeding directly implicates the title and possessory interests at issue in that pending federal action. This Court's exclusive jurisdiction under the Quiet Title Act and the pendency of related federal proceedings independently support removal and the exercise of federal jurisdiction over this action.

10. The Petition for Eviction is further defective on its face in a manner raising federal due process concerns. The eviction Petition describes a different property — a property that is not the Subject Property Defendant occupies — in its prayer for possession. The order authorizing alternative service, which purports to confer personal jurisdiction over Defendant, is void because it rests upon a nonexistent rule provision and a defective non-affidavit that fails every requirement of Texas law. Proceeding to judgment in a state court of limited jurisdiction on a void petition, under void service, in derogation of pending federal Quiet Title Act proceedings implicates Defendant's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Supremacy Clause of Article VI.

## B. Civil Rights Removal — 28 U.S.C. § 1443

11. Removal is independently proper under 28 U.S.C. § 1443 because Defendant is denied or cannot enforce in the state court her rights under the Constitution and laws providing for the equal civil rights of citizens of the United States. Defendant's federally protected interests in the Subject Property, arising from the FHA insurance program, the anticipated HUD conveyance, and the pending Quiet Title Act proceeding in this Court, cannot be adequately enforced in a state justice court that lacks subject-matter jurisdiction to adjudicate competing federal interests.

## C. Federal Preemption and Supremacy Clause

12. Federal law governs and preempts any state-court determination of possessory rights where the United States claims an interest in the real property at issue. The Supremacy Clause of Article VI of the United States Constitution establishes that federal law is the supreme law of the land, and state court proceedings that would extinguish or impair federal interests in real property without compliance with applicable federal procedures — including the Quiet Title Act waiver of sovereign immunity and the statutory right of redemption under 28 U.S.C. § 2410(c) — are preempted. Any judgment of possession entered by the state court would be void to the extent it purports to adjudicate or extinguish interests of the United States that have not been disclaimed.

## IV. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

13. This Notice of Removal is filed within thirty (30) days of Defendant's receipt of any initial pleading purporting to set forth the grounds for the relief demanded, in compliance with 28 U.S.C. § 1446(b). As set forth above, Defendant contends that service of process was void and that no valid service was accomplished. This Notice is filed as a precautionary measure within the earliest arguable commencement of any applicable period.

14. Venue is proper in the Southern District of Texas, Houston Division, because the Subject Property and the state court action from which this case is removed are located within this judicial district. 28 U.S.C. §§ 1391, 1446.

15. A copy of this Notice of Removal is being filed concurrently with the Clerk of the Justice Court, Harris County, Texas, Precinct 4, Place 1, as required by 28 U.S.C. § 1446(d), and notice is being served upon all adverse parties.

16. All further proceedings in the Justice Court of Harris County, Texas, Precinct 4, Place 1, in Case No. 264100217178 should be stayed pursuant to 28 U.S.C. § 1446(d) upon filing of this Notice.

## V. SUMMARY OF THRESHOLD DEFECTS IN STATE COURT PROCEEDING

In addition to the federal jurisdictional grounds for removal set forth above, Defendant preserves all challenges to the validity of the state court proceedings, including without limitation:

(a) The Petition for Eviction describes a property that is not the property Defendant occupies, depriving the state court of any basis to enter judgment regarding Defendant's actual residence;

(b) The Petition is unsworn, or its verification is fatally defective, constituting a legal nullity that cannot support any judicial proceeding under Texas Rule of Civil Procedure 510.3(b);

(c) The order purportedly authorizing alternative service is void because it invokes a nonexistent legal authority — Rule 510.8(e), which has no application to service of process — and is predicated upon a sworn statement that fails every requirement of Tex. Gov't Code § 312.011(1) and Rule 510.4(c)(1)(C), including the absence of an identified administering officer, official seal, specific addresses, specific dates, and specific times of attempted service;

(d) The state court has never acquired personal jurisdiction over Defendant because service of process was void;

Notice #62026250-1142

(e) The state court lacks subject-matter jurisdiction because a genuine title dispute exists that implicates the exclusive jurisdiction of the federal courts under the Quiet Title Act of 1972 and Block v. North Dakota;

(f) The plaintiff entity lacks standing to prosecute this action because its managing member has forfeited its legal existence under Texas law and because the Petition was filed by an individual whose authority to represent the entity and whose status as a licensed Texas attorney are not established on the face of the pleading.

Nothing herein constitutes a waiver of any objections.

## VI. NOTICE OF STATUS AND CLARIFICATION OF NON-CORPORATE CAPACITY

To Whom It May Concern:  I appear specially and in equity only, not generally, in my private capacity as the living man known by the name reflected on the docket, and not as a corporation, artificial entity, juridical person, or other statutory construct. I am not created by charter, statute, registration, franchise, or incorporation. I have no parent corporation, issue no stock, and hold no corporate ownership interests requiring disclosure.  Any presumption that I possess a corporate or artificial character is expressly denied. This notice is given to correct the record so that substance governs over form and no false presumption remains by silence or default.  Equity regards the true person before the tribunal, not a mistaken classification. Where no corporation exists, none may be implied or presumed.  Accordingly, this declaration is entered so the record may accurately reflect my status and capacity in this matter.

## VII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Honorable Court:

(A) Accept jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1441, 1443, and 1446;

(B) Stay all further proceedings in the Justice Court of Harris County, Texas, Precinct 4, Place 1, Case No. 264100217178;

(C) Consolidate or coordinate this removed action with the pending related federal proceeding, Civil Action No. 4:26-cv-02265, to the extent permitted by applicable rules and the interests of judicial economy;

(D) Declare the alleged foreclosure sale of May 5, 2026 void on the basis that the United States of America, through the Secretary of Housing and Urban Development, has not disclaimed its interest in the Subject Property and the 120-day right of redemption under 28 U.S.C. § 2410(c) has not been observed;

(E) Grant all injunctive, equitable, and legal relief to which Defendant may be entitled; and

(F) Grant such other and further relief as this Court deems just and proper.

## VIII. VERIFIED DECLARATION

### (28 U.S.C. § 1746)

I, **Chanee Coleman**, declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

**I affirm the foregoing as true and correct, without oath, in good faith and conscience.**

Notice #62026250-1142

Respectfully tendered this 26th day of May, 2026 CE,

By: _____

Chanee Coleman

15538 Kiplands Bend Drive

Houston, Texas  [77014-1535]

Ph: (832) 675-2663

email: chanee.coleman@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May, 2026, a true and correct copy of the foregoing Notice

of Removal was filed with the Clerk of the United States District Court for the Southern District of

Texas and was served upon all adverse parties and upon the Clerk of the Justice Court, Harris

County, Texas, Precinct 4, Place 1, by depositing a true and correct copy in the United States Mail,

first class postage prepaid, and/or by such other method as permitted by applicable rules.


(1)    P.C.F. PROPERTIES IN TX, LLC
       ATTN: ANTONY HALARIS, Director of P.C.F. INVESTMENTS, INC.
       c/o CORPORATION SERVICE COMPANY d/b/a
       CSC-Lawyers Incorporating Service Company, Registered Agent
       c/o UNITED STATES CORPORATION COMPANY, Registered Agent
       c/o THE PRENTICE-HALL CORPORATION SYSTEM, INC., Registered Agent
       c/o UNITED STATES CORPPORATION COMPANY, Registered Agent
       211 E. 7th Street, Suite 620
       Austin, TX  78701-3218


By:_____
Date:  May 26, 2026.