United States District Court
Southern District of Texas
**ENTERED**
June 17, 2026
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| P.C.F. PROPERTIES IN TEX, LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:26-cv-4736 |
| | § | |
| CHANTEE T. COLEMAN, | § | |
| *Defendant*. | § | |

## ORDER

This is a *pro se* removal of a mortgage foreclosure. ECF No. 1. Defendant appears to assert 28 U.S.C. § 2410 as the basis for subject matter jurisdiction. ECF No. 1. Although no party has contested subject matter jurisdiction, the Court has an independent obligation to determine subject matter jurisdiction. *See Benton v. Tex. Dep't of Criminal Justice*, No. 4:24-CV-0112, 2024 WL 3237543, at *1 (S.D. Tex. May 23, 2024), *adopted*, No. 4:24-CV-00112, 2024 WL 3246071 (S.D. Tex. June 26, 2024) ("Federal courts have an affirmative duty to examine *sua sponte* the basis for subject matter jurisdiction.") (citing *Union Planters Bank Nat. Assn. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)).

By July 1, 2026, Plaintiff shall file a response to this Order demonstrating how the Court has subject matter jurisdiction over their claims or notify the Court of their intention to file a motion to remand.

**IT IS SO ORDERED.**

Signed on June 17, 2026, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**

1