United States District Court
Southern District of Texas

**ENTERED**
July 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| P.C.F. PROPERTIES IN TEX, LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:26-cv-4736 |
| | § | |
| CHANTEE T. COLEMAN, | § | |
| *Defendant*. | § | |

**JUDGE DENA PALERMO'S**
**REPORT AND RECOMMENDATION**

This is a *pro se* removal of a state court eviction action. ECF No. 1.[1] Defendant asserts federal question jurisdiction as the basis for subject matter jurisdiction. ECF No. 1 at 3. Plaintiff's petition seeks Defendant's eviction from residential premises. ECF No. 1-1.[2]

Although no party contested subject matter jurisdiction, the Court has an independent obligation to determine subject matter jurisdiction. *See Benton v. Tex. Dep't of Criminal Justice*, No. 4:24-CV-0112, 2024 WL 3237543, at *1 (S.D. Tex. May 23, 2024), *adopted*, No. 4:24-CV-00112, 2024 WL 3246071 (S.D. Tex. June 26, 2024) ("Federal courts have an affirmative duty to examine *sua sponte* the basis for subject matter jurisdiction.") (citing *Union Planters Bank Nat. Assn. v. Salih*, 369 F.3d 457, 460 (5th Cir.

---

[1] The district judge to whom this case is assigned referred all pretrial proceedings to the undersigned. ECF No. 5.

[2] Concerned it lacked subject matter jurisdiction, and having already heard from Defendant in the notice of removal, the Court entered a show cause order and ordered Plaintiff to either explain how the Court had jurisdiction over its claims or file a motion to remand by July 1, 2026. ECF No. 8. Plaintiff failed to respond to the Court's Order.

2004)).

Based on the Court's independent review, it lacks subject matter jurisdiction over the instant case. "Federal question jurisdiction under 28 U.S.C. § 1331 'exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."'" *Fisher v. Harmony Pub. Sch.*, No. 5:23-CV-183-H-BQ, 2023 WL 9102235, at *3 (N.D. Tex. Oct. 30, 2023), *adopted*, No. 5:23-CV-183-H-BQ, 2024 WL 56320 (N.D. Tex. Jan. 4, 2024) (quoting *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *Id.* (quoting *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam)).

Defendant alleges that the Court has subject matter jurisdiction over this matter pursuant to § 1331 because the property is "associated with a federally insured mortgage under Federal Housing Administration programs administered by the United States Department of Housing and Urban Development" because the property is anticipated to be conveyed to HUD. ECF No. 1 at 3–4, 1-1 at 10 ("The mortgage for the property in which you are living is in foreclosure as a result of the property owner's default. . . . ownership of the property will probably be transferred to [HUD]."). Despite Defendant's allegations, her attached documentation demonstrates that Defendant, not HUD, now owns the property. ECF No. 1-1 at 19. This ground for removal is unfounded.

Defendant next argues that federal question jurisdiction is appropriate because the eviction proceeding "implicate Defendant's rights under the Due Process Clause of the

Fourteenth Amendment to the United States Constitution and the Supremacy Clause of article VI." ECF No. 1 at 5. Plaintiff's claims and injuries typically arise under Texas state law; Defendant's vague and conclusory allusions to violations of her constitutional rights are insufficient to raise a federal question. *See Fisher*, 2023 WL 9102235, at \*3; *Blackburn v. Lubbock FBI*, No. 5:23-CV-161-H-BQ, 2023 WL 6139457, at \*4 (N.D. Tex. Aug. 23, 2023), *adopted*, No. 5:23-CV-161-H-BQ, 2023 WL 6444257 (N.D. Tex. Oct. 3, 2023).[3]

Defendant finally argues that "[r]emoval is independently proper under 28 U.S.C. § 1443 because Defendant is denied or cannot enforce in the state court her rights under the Constitution and law providing for the equal rights of citizens of the United States"— "Defendant's federally protected interests in the Subject Property, arising from the FHA insurance program, the anticipated HUD conveyance, and the pending Quiet title Act proceeding in this Court, cannot be adequately enforced in a state justice court that lacks subject matter jurisdiction to adjudicate competing federal interests." ECF No. 1 at 5.

A defendant may remove any civil action or criminal prosecution that is:

1. Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; or

2. For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

28 U.S.C. § 1443. "Supreme Court precedent applying Section 1443(1) requires litigants to satisfy two elements: (1) the allegedly denied rights must arise under a federal law

---

[3] Although unclear, it appears that Plaintiff and Defendants are citizens of Texas, and therefore, there is no diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1, 1-1.

'providing for specific civil rights stated in terms of racial equality;' and (2) the litigant was 'denied or cannot enforce' the specific civil rights in state court." *Williams v. Lawson*, No. 6:25-CV-384-ADA-DNM, 2026 WL 562720, at *3 (W.D. Tex. Feb. 12, 2026), *adopted*, No. 6:25-CV-384-ADA-DNM, 2026 WL 594793 (W.D. Tex. Mar. 2, 2026) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792–94 (1966)). "[B]road constitutional claims do not satisfy the first prong of the *Rachel* test." *Id.* (quoting *Louisiana v. Wells*, No. 14–00056–BAJ–RLB, 2015 WL 1276713, at *5 (M.D. La Mar. 19, 2025) (citing *State of Ga. v. Spencer*, 441 F.2d 397, 398 (5th Cir. 1971), *Smith v. Winter*, 717 F.2d 191 (5th Cir. 1983))). Section 1443(1) "has consistently been construed narrowly to require strict satisfaction of both the 'civil rights' element and the 'enforcement' element intrinsic within it." *Id.* (quoting *Smith*, 717 F.2d at 194). "The second section of Section 1443 "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Id.* (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). Consequently, this second section does not support removal by private parties like Defendant. *See id.* (citing *City of Greenwood*, 384 U.S. at 824).

There is no basis for the Court to exercise subject matter jurisdiction over this case. Plaintiff's claims should be *sua sponte* remanded to the Justice Court of Harris County, Precinct 4, Place 1.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal**

conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

Signed on July 8, 2026, at Houston, Texas.

**Dena Hanovice Palermo**
**United States Magistrate Judge**